IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02031-WDM-MEH

ISSIAKA I. NAMOKO,

    Plaintiff,

v.

MILGARD MANUFACTURING, INC.,

    Defendant.

## STIPULATED PROTECTIVE ORDER

The parties Plaintiff Issiaka Namoko and Defendant Milgard Manufacturing, Inc., having appeared before the Court by motion and having shown good cause for the entry of a protective order, IT IS HEREBY ORDERED THAT:

1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for production and for admissions, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.    Confidential information shall be designated by stamping "CONFIDENTIAL" on the copies of the document produced. Stamping "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as Confidential Material, unless otherwise indicated by the producing party.

3.    In the case of deposition testimony concerning confidential information, a party may request at the time a question is asked, or at the end of the deposition, that any portion of the deposition transcript be designated confidential. A party may designate any portion of a

deposition as "CONFIDENTIAL" after transcription of the deposition, provided that written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

4. Information shall be designated "CONFIDENTIAL" only after counsel for the party making such designation has reviewed, or heard, the information and believes, in good faith, that the information is confidential or otherwise is entitled to protection.

5. Information marked "CONFIDENTIAL" in accordance with the procedures stated in this Order, and all tangible embodiments thereof, all copies thereof, the substance thereof, and all information contained therein (hereinafter collectively referred to as "Confidential Material"):

(a) shall not be disclosed or distributed by counsel or any other person receiving, viewing or hearing the Confidential Material ("receiving person") to any person other than in the course of this action to (i) counsel who represent a party in this case; (ii) partners, employees and agents of counsel; (iii) the parties to this action; (iv) any consulting or testifying expert, who is assisting counsel to prepare this action for trial (subject to paragraph 4(c) below); (vi) the Court and its employees; and (v) other persons by written agreement of the parties;

(b) shall be filed with the Court, should filing be desired or required, in accordance with D.C. Colo. L. Civ. R. 7.2 and 7.3;

(c) shall not be disclosed to any consulting or testifying expert or to any witness or potential witness (other than a party or a Rule 30(b)(6) representative of a party) unless counsel or the party making the disclosure follows the provisions of ¶6 of this Confidentiality Order; and

(d) shall be used only for purposes of prosecuting, defending, or settling the present action and for no other purpose whatsoever.

5. By agreeing to the limited disclosure permitted under this Confidentiality Order, no party waives its claim that Confidential Material is confidential. All parties agree that they will not assert that a disclosure in accordance with this Confidentiality Order constituted a waiver of a party's claim or position that the information so disclosed is confidential. All parties agree that no party will contend that the failure to mark a particular document "confidential," or to designate any portion of a deposition as "confidential," constitutes a waiver of the other party's position, if any, that a document or a portion of a deposition contains confidential material, unless the party seeking to assert waiver first notifies the other party in writing of its intention to claim waiver and gives the other party three (3) business days within which to designate as confidential the document or portion of deposition transcript at issue.

6. Before disclosing any Confidential Material to any consulting or testifying expert, or to a witness or potential witness (other than a party or the Rule 30(b)(6) representative of a party) counsel for the disclosing party or parties shall have the receiving person read this Confidentiality Order and shall explain the contents of this Confidentiality Order to that person. The receiving person shall agree to be bound by the terms of this Confidentiality Order and shall execute a declaration identical to Exhibit "1" attached hereto.

7. During any deposition or at any hearing, Confidential Material may be disclosed to any deponent or witness, without violating this Order. Before that disclosure is made, the disclosing party shall advise the deponent or witness (as well as counsel, if any, representing the deponent or witness) that the information about to be disclosed is subject to this Confidentiality Order and that any further disclosure of the "Confidential Material" by the deponent or witness

(or by his or her counsel) shall constitute a violation of the Confidentiality Order and shall subject the deponent or witness (or his or her counsel) to the risk of being held in contempt of court.

8.  Before trial, the parties will address the method for protecting the confidentiality of Confidential Material during trial.

9.  It is the responsibility of the attorney and pro se party whose signatures appear below to ensure that their colleagues, employees and agents who may have access to confidential information shall be apprised of, and adhere to, this Confidentiality Order.

10. A party may object to the designation of particular Confidential Material by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, the party designating the information as CONFIDENTIAL shall have the obligation to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Confidentiality Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Confidentiality Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Confidentiality Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

11.     The termination of proceedings in this action shall not relieve any person to whom Confidential Material was disclosed from the obligation of maintaining the confidentiality of such material in accordance with the provisions of this Confidentiality Order.

12.     Upon final termination of this action, including any appeal, each party shall assemble and shall destroy all items designated as Confidential Material by the other party. Counsel of record will make their best efforts to provide written verification of destruction promptly after such destruction.

13.     This Order shall be without prejudice to the right of the parties to present a motion to the Court under Rule 26(c), FED.R.CIV.P., for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.

14.     This Order shall not be deemed to prejudice the parties in any way from making future application to this Court for a modification of this Order.

15.     This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without unnecessarily involving the Court in the process.  Nothing in this Order, nor the production of any information or document under the terms of this Order, nor any proceedings pursuant to this Order shall be deemed to be an admission or waiver by any party, or to be an alteration of the confidentiality or non-confidentiality or the discoverability or non-discoverability or the admissibility or inadmissibility of any such document or information, or to be an alteration of any existing obligation of any party or the absence of any such obligation.

16.     The existence of this Order, including the fact that it was entered into by the parties shall not be admissible at trial of the present action, nor shall it be admissible in any other

court, administrative agency or tribunal for any party, with the exception of a proceeding to enforce or interpret the terms of this Order.

Dated at Denver, Colorado this 1st day of March, 2007.

BY THE COURT:

s/Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-CV-02031-WDM-MEH

ISSIAKA I. NAMOKO,

    Plaintiff,

v.

MILGARD MANUFACTURING, INC.,

    Defendants.

**"EXHIBIT A"**

**STIPULATION AND ORDER PROTECTING CONFIDENTIAL MATERIAL**

1. I, _____, declare that:

2. My address is _____.

3. My present employer is _____.

4. I have read and know the contents of the Stipulation And Order Protecting Confidential Material in the above-entitled action.

5. I understand that I am bound by the terms of the Stipulation And Order Protecting Confidential Material.

6. I shall, upon being notified of the termination of the above-entitled action, return all copies of Confidential Discovery Material to counsel from whom I received such Confidential Discovery Materials, and I shall destroy any notes and/or memoranda I have regarding the Confidential Discovery Material.

7.      I subject myself to the continuing jurisdiction of the above-captioned Court over my person, wherever I shall be, for the enforcement of the Stipulation And Order Protecting Confidential Material.

8.      I declare under penalty of perjury under laws of the United States of America that the forgoing is true and correct.

Dated this ___ day of February, 2007.

_____