IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02031-WDM-MEH

ISSIAKA I. NAMOKO,

    Plaintiff,

v.

MILGARD MANUFACTURING, INC.,

    Defendant.

---

### RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO STRIKE

---

Before the Court is Defendant's Motion to Dismiss, or in the Alternative, Motion to Strike [Docket #14]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, this matter has been referred to this Court for recommendation. For the reasons set forth below, the Court recommends that the District Court **grant** Defendant's Motion to Dismiss, and that this case be **dismissed** with prejudice.

**I.   Facts**

Plaintiff filed a Motion for Leave to Proceed Under 28 U.S.C. § 1915 and tendered his Complaint on September 29, 2006. Plaintiff alleges that Defendant failed to hire him and retaliated against him because of Plaintiff's race and national origin. Plaintiff states that he submitted numerous applications over a two- to three-year period, the most recent in April 2005, and that when he called to check on his applications, Defendant either terminated the call or placed him on hold indefinitely. Plaintiff further alleges that Defendant's employees ridiculed his accent when he called. Plaintiff also

points to a previously filed lawsuit by the Equal Employment Opportunity Commission ("EEOC") against Defendant and a consent decree entered in that case as evidence of discrimination. Specifically, Plaintiff states that he is an approved class member of that action, and he is seeking a fairness hearing related to his rights under the consent decree.

Defendant filed the instant motion arguing that Plaintiff's claims are time-barred, because Plaintiff filed this lawsuit more than ninety days after receiving a right- to-sue letter from the EEOC. Defendant contends that this time limit was not tolled by Plaintiff's civil case number 06-cv-01512, which was dismissed without prejudice for failure to cure deficiencies in the complaint. Defendant also argues that Plaintiff's allegations related to the consent decree reached in the other case are immaterial and impertinent to this action and should be stricken from the Complaint. In response, Plaintiff states that his Complaint is timely and that this lawsuit resulted from the EEOC's failure to provide him a fairness hearing under the consent decree agreed to in *EEOC v. Milgard Manufacturing, Inc.*, 01-cv-01731-MSK-OES.

**II.  Discussion**

    **A.  Legal Standard for Motion to Dismiss under Fed. R. Civ. P. 12(b)(6)**

A motion to dismiss brought under Fed. R. Civ. P. 12(b)(6) should be granted only if Plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Sutton v. Utah State Sch. For Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). All well-pleaded factual allegations in the Complaint must be taken as true and viewed in the light most favorable to the non-moving party. *GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). Although the Court construes a *pro se* plaintiff's pleadings liberally, Plaintiff still retains "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935

F.2d 1106, 1110 (10th Cir. 1991). This burden remains because "a *pro se* plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id.*

### B.     Statute of Limitations

A claim for discrimination brought under Title VII of the Civil Rights Act of 1964, as amended, must be initiated within ninety days after receiving a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1). Plaintiff received his right-to sue letter on June 29, 2006 (Dock #3, ¶ 7), and tendered his Complaint and Motion to Proceed Pursuant to 28 U.S.C. § 1915 to the Clerk of the Court on September 29, 2006. Dock. #1. *See Jarrett v. U.S. Sprint Comm. Co.*, 22 F.3d 256, 259 (10th Cir. 1994) (noting that a complaint is filed for purposes of the statute of limitations when it is tendered to the clerk with an IFP motion). Plaintiff thus submitted his Complaint ninety-two days after receiving his right-to-sue letter. Plaintiff's Complaint is, therefore, time-barred, unless Plaintiff can establish that equitable tolling is appropriate.

Although Plaintiff previously filed a complaint that was dismissed without prejudice, the earlier complaint does not toll the statute of limitations. "It is hornbook law that, as a general rule, a voluntary dismissal without prejudice leaves the parties as though the action had never been brought," and therefore, "the limitation period is not tolled during the pendency of the dismissed action." *Brown v. Hartshorne Public School Dist. #1*, 926 F.2d 959, 961 (10th Cir. 1991). Similarly, the time limit is not tolled if the action is dismissed due to the plaintiff's failure to follow court orders. *See Keeler v. Cereal Food Processors*, No. 06-1062, 2006 U.S. Dist. LEXIS 84082 (D. Kan. Nov. 17, 2006). Specifically, "it is irrelevant that the dismissal of [the] first complaint without prejudice was 'involuntary' rather than 'voluntary.'" *O'Donnell v. Vencor, Inc.*, 466 F.3d 1104, 1111 (9th Cir.

2006) (citations omitted). Although this time limit is subject to equitable tolling, "a Title VII time limit will be tolled only upon a showing of active deception where, for example, the plaintiff has been actively misled or lulled into inaction by her past employer, state or federal agencies, or the courts." *Simons v. Southwest Petro-Chem*, 28 F.3d 1029, 1031 (10th Cir. 1994). The United States Supreme Court has clearly stated that these requirements should not be lightly disregarded:

> Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants. As we stated in *Mohasco Corp. v. Silver*, 447 U.S. 807, 826, 65 L. Ed. 2d 532, 100 S. Ct. 2486 (1980), "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law."

*Badlwin County Welcome Center v. Brown*, 466 U.S. 147, 152 (1984).

In this case, Plaintiff cannot establish that equitable tolling is appropriate. Plaintiff's Response to the Motion to Dismiss does not address this issue at all but, rather, simply asserts that his Complaint was timely filed. Plaintiff has not alleged that any conduct on the part of Defendant led to his late filing, and the Court's action in the earlier case also fails to establish grounds for equitable tolling. Plaintiff's earlier complaint was dismissed for failure to cure deficiencies on September 15, 2006. At that time, Plaintiff still had twelve days to timely file his Complaint. Plaintiff waited fourteen days to file a Motion for Reconsideration and tender his Complaint. Plaintiff has not established that he was misled in any way, and any misunderstanding regarding the consequences of failing to cure the deficiencies in his previous complaint, and the affect on the statute of limitations, does not excuse his late filing. *E.g.*, *Barrett v. Rumsfeld*, 158 Fed. Appx. 89, 92 (10th Cir. 2005) (holding that tolling is not justified simply due to a parties' *pro se* status, because "*pro se* litigants must follow procedural rules that govern other litigants"); *see also Malik v. 7/Eleven Store No.*

*27875*, 74 Fed. Appx. 887, 889-90 (10th Cir. 2003) ("[A] litigant's ignorance of the law does not warrant the extreme and limited remedy of equitable tolling.") (quotations and citation omitted). Under these circumstances, the Court conclude that Plaintiff's Complaint is time-barred and recommends that this case be **dismissed**. *See Scott v. Boeing Co.*, 48 Fed. Appx. 730 (10th Cir. 2002).

### C. Allegations of Plaintiff's Complaint

Defendant alternatively seeks to strike pages five and six of Plaintiff's Complaint as impertinent and immaterial. Under the Federal Rules of Civil Procedure, a party may move to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The purpose of Rule 12(f) is to minimize delay, prejudice, and confusion by narrowing the issues for discovery and trial." *Stubbs v. McDonald's Corp.*, 224 F.R.D. 668, 676 (D. Kan. 2004). When allegations in a complaint are entirely collateral and immaterial to the underlying claims, they should be stricken." *Id.* A motion to strike is generally granted only when the allegations have no relation to the controversy and may prejudice one of the parties. *Sunlight Saunas, Inc. v. Sundance Sauna, Inc.*, 14 F. Supp. 2d 1213, 1215 (D. Kan. 2006).

In the present case, pages five and six of Plaintiff's Complaint address the consent decree agreed to in the EEOC action against Milgard. In fact, Plaintiff's sole request for relief in this case is that a fairness hearing, as allegedly contemplated by the consent decree, be held to determine his right to funds available under the consent decree. These allegations have no bearing on Plaintiff's individual allegations of discrimination and are prejudicial to Defendant, because Plaintiff argues from these allegations that Defendant has previously acknowledged that it engages in discriminatory practices. These allegations are not relevant to Plaintiff's separate right to pursue a discrimination

claim against Defendant for retaliation and failure to hire and should, therefore, be **stricken** from Plaintiff's Complaint, in the event that the District Judge sustains Plaintiff's Complaint.

### III.   Conclusion

Accordingly, for the reasons stated above, the Court RECOMMENDS that Defendant's Motion to Dismiss, or in the Alternative, Motion to Strike [Filed December 28, 2006; Docket #14] be **granted**.  Specifically, Plaintiff failed to file this Complaint within the applicable statute of limitations and has failed to present sufficient evidence to warrant equitable tolling.  Under Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

Dated at Denver, Colorado this 7th day of March, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations.  *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1).  Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).