IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02031-WDM-MEH

ISSIAKA I. NAMOKO,

    Plaintiff,

v.

MILGARD MANUFACTURING, INC.;

    Defendant.

_____

**ORDER ON DEFENDANT'S MOTION TO STAY DISCOVERY**
_____

    Defendant has filed a Motion to Stay Discovery [Docket #40]. The matter is briefed and has been referred to this Court [Docket #41]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **grants** the Motion to Stay Discovery.

**I.    Background**

    Plaintiff alleges that Defendant failed to hire him and retaliated against him because of Plaintiff's race and national origin. Plaintiff states that he submitted numerous applications over a two- to three-year period, the most recent in April 2005, and Defendant failed to hire him. Defendant filed a Motion to Dismiss, arguing that Plaintiff's claims were time-barred, because the instant Complaint was filed more than ninety days after Plaintiff received his right-to-sue letter from EEOC. This Court recommended that the Motion to Dismiss be granted and that this action be dismissed as time-barred.

Based on this Recommendation, Defendant now seeks to avoid discovery in this case, until such time as the District Court determines whether this case will proceed. Defendant argues that the burden of discovery is significant in that Plaintiff has requested, *inter alia*, wage statements for all employees, a list of class members from a previous lawsuit, and the amounts paid to those class members. Defendant objects that these requests are irrelevant and should not be addressed until a ruling on the Motion to Dismiss has issued.

Plaintiff argues in response that this is another delay tactic by Defendant, and that he has already been delayed in seeking justice by EEOC and Defendant's failure to provide him a fairness hearing under the class action settlement agreement reached in a previous case. Plaintiff further argues that he complied with Defendant's requests, and Defendant should be required to comply with his requests.

**II.   Discussion**

The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). This protection includes the timing of discovery. A stay of all discovery is generally disfavored in this District. *Chavez v. Youn Am. Ins. Co.*, No. 06-2419, 2007 U.S. Dist. LEXIS 15054 (D. Colo. Mar. 2, 2007). Nevertheless, a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003). In particular, good cause may exist to stay discovery if a dispositive motion has been filed that could resolve the case and a stay does not unduly prejudice the opposing party. *E.g.*, *Simpson v. Specialty*

*Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988) (balancing the harm caused by the stay with the burden and expense of discovery if the case is ultimately resolved in its entirety by a pending dispositive motion).

In the present case, Defendant's Motion to Dismiss, if granted, would resolve the case in its entirety, because Defendant argues that all of Plaintiff's claims are time-barred. While some courts at this stage briefly address whether the dispositive motion is "clearly meritorious and truly case dispositive," *Feldman v. Flood*, 176 F.R.D. 651, 653 (M.D. Fla. 1997), this Court has previously addressed the merits of this motion in detail in its Recommendation on Defendant's Motion to Dismiss. Dock. #35. This Court has thus concluded that Defendant's Motion is both meritorious and case dispositive. In this case, in which a Recommendation for dismissal is currently pending, a stay of discovery is most appropriate.

In addition, Plaintiff will not be unduly prejudiced by this stay. Although Plaintiff argues that he has waited over 23 months to seek recovery, this stay will not hinder Plaintiff's future ability to fully engage in discovery, in the event that the Motion to Dismiss is denied. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Coors*, 357 F. Supp. 2d 1277, 1280 (D. Colo. 2004). Moreover, the discovery requested by Plaintiff is not related to Defendant's dispositive motion and is, therefore, unnecessary for the resolution of that motion.

**III.   Conclusion**

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendant's Motion to Stay Discovery [Filed March 19, 2007; Docket #40] is **granted**. All discovery is hereby stayed in this case pending the District Court's ruling on the Recommendation on Defendant's Motion to Dismiss.

Dated at Denver, Colorado, this 6th day of April, 2007.

                                        BY THE COURT:

                                        s/ Michael E. Hegarty
                                        Michael E. Hegarty
                                        United States Magistrate Judge