IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 06-cv-2031-WDM-MEH

ISSIAKA I. NAMOKO,

    Plaintiff,

v.

MILGARD MANUFACTURING, INC.,

    Defendant.

**ORDER ON "PLAINTIFF'S OPPOSITION TO THE RECOMMANDATION [sic], AND PLAINTIFF'S NOTICE OF APPEALS"**

Miller, J.

    This matter is before me on Plaintiff's Opposition to the Recommandation [sic], and Plaintiff's Notice of Appeals (doc no 53). This document was docketed as a "notice of appeal" in the District Court's CM/ECF docketing system and so did not register as an outstanding matter. However, pursuant to its order dated June 11, 2007, the Tenth Circuit Court of Appeals construed the pleading as a motion under Fed. R. Civ. P. 59(e) and has abated Plaintiff's appeal until resolution of this motion. For the reasons set forth below, the motion should be denied.

    Plaintiff's claims were dismissed because they were time-barred. Magistrate Hegarty determined, and I agreed, that Plaintiff did not file a timely lawsuit after receiving a right to sue letter from the EEOC, which now bars his claims. A motion to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e) should be granted only to address (1) an intervening change in the controlling law; (2) new evidence previously unavailable; or (3)

the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Plaintiff's motion does not even address the reasons that his complaint was dismissed, much less demonstrate that any of these grounds are satisfied. Rather, he continues to reassert the same arguments, none of which pertain to the statute of limitations, raised in his previous briefing. *See id.* (noting that such arguments are inappropriate in a Rule 59(e) motion).

Plaintiff again requests a "fairness hearing" in connection with a consent decree entered in another case. I have no authority over this now-closed case; moreover, this has no bearing on whether Plaintiff's complaint was filed before the statutory deadline. Plaintiff also makes numerous assertions regarding discovery issues, which are moot in light of the dismissal of Plaintiff's case. Finally, Plaintiff accuses me and Magistrate Judge Hegarty of racism. Plaintiff's claims were dismissed because they are time-barred, not for any perceived racial bias, and he has not provided any legal authority or facts that would alter that outcome.

Since Plaintiff has not shown that there has been a change in the controlling law, presented new evidence, or otherwise demonstrated clear error or manifest injustice, his motion is denied.

DATED at Denver, Colorado, on June 25, 2007.

BY THE COURT:

s/ Walker D. Miller
United States District Judge